TACHA, Chief Circuit Judge,
dissenting in part, concurring in part.
I respectfully dissent with regard to the majority’s opinion that Wyoming imposes a duty on Farm Bureau.
Whether Farm Bureau owed the Pehles a limited duty to disclose the results of their HIV tests is an issue more properly certified to the Wyoming Supreme Court. To begin, no Wyoming court has ever addressed this question. Moreover, the find *906 ing of a duty under Wyoming law turns not only on the relationship between the parties, as the majority suggests, but also involves a comprehensive eight-factor balancing test that is better determined by Wyoming’s own courts. See Duncan v. Afton, Inc., 991 P.2d 739, 744 (Wyo.1999) (including factors such as the moral blame assessed to the defendant’s conduct, the policy of preventing future harm, and the impact on the community and the courts).
Additionally, in deciding whether to impose a common-law duty not previously recognized by the Wyoming Supreme Court, this Court has stated that we should consider the “decisions of Wyoming courts, other state courts and federal courts, [and] the general weight and trend of authority,” Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1228 (10th Cir.2001) (internal quotations and alterations omitted). But I am not familiar with, nor does the majority cite, any federal or state court that has found such a duty. To the contrary, it appears that every court to have addressed the issue has declined to impose a common law duty on an insurer to disclose pre-insurance medical test results, including HIV-positive test results, to an insurance applicant. See, e.g., Eaton v. Continental Gen. Ins. Co., 147 F.Supp.2d 829, 834 (N.D.Ohio 2001) (“Ohio has not adopted a common law duty requiring insurance companies to notify applicants of positive HIV test results.”); Doe v. Jackson Nat’l Life Ins. Co., 944 F.Supp. 488, 489 (S.D.Miss.1995) (in HIV case, “an insurer has no duty to inform an insurance applicant of the results of a medical examination where the insurer administers the examination only to determine the insurability of the applicant”); Doe v. Prudential Ins. Co., 860 F.Supp. 243, 252-53, 254-55 (D.Md.1993) (same, and applicant’s failure to request that blood test results be sent to physician, after insurance company indicated it would do so upon such request, constitutes contributory negligence); Petrosky v. Brasner, 279 A.D.2d 75, 718 N.Y.S.2d 340, 343 (N.Y.App.Div.2001) (no duty to disclose serious heart abnormalities leading to death of insured); Nolan v. First Colony Life Ins. Co., 345 N.J.Super. 142, 784 A.2d 81, 85-86 (2001) (no duty to disclose the results of blood tests showing elevated liver enzyme levels two years before the insured died of liver cancer). Given this backdrop, I would, at minimum, certify to the Wyoming Supreme Court the question whether a life insurance company has a duty to disclose positive HIV test results to an insurance applicant.